UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 08-231** |
| **LEROY DABNEY, IV** | * | **SECTION "L"** |

### ORDER & REASONS

Before the Court are two motions filed by the Defendant: (1) Motion Pursuant to Federal Rule Criminal Procedure Rule 35(a) to Correct an Illegal Sentence (R. Doc. 1025), and (2) Motion to Amend and Supplemental Pleading Pursuant to Federal Rule Civil Procedure 15(a) (R. Doc. 1038). For the following reasons, these motions are DENIED.

**I.   BACKGROUND**

On October 22, 2009, the Defendant plead guilty to count one of the four-count First Superceding Indictment (R. Doc. 194). *See* (R. Doc. 439)(Sealed). In count one, the grand jury charged Defendant with conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base ("crack"), five kilograms or more of cocaine hydrochloride, and a quantity of marijuana, during the time period of January 1, 2004 through November 9, 2007, all in violation of Title 21 United States Code sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846. (R. Doc. 194).

At the time of the plea, the Defendant and the Government had entered into a Plea Agreement whereby the Government agreed not to charge the Defendant with further violations of the Federal Controlled Substances Act or as a multiple offender with prior felony drug

1

convictions, and the Defendant waived his right of appeal, including contesting his sentence in collateral proceedings, except for ineffective assistance of counsel. *See* (R. Doc. 440)(Sealed).

During the re-arraignment the Court informed the Defendant of the statutory mandatory minimum sentence of 120 months he faced by pleading guilty to count-one. *See* Hr'g Tr. Dec. 2, 2010. Additionally, the Defendant acknowledged this minimum in the Plea Agreement. *See* (R. Doc. 440)(Sealed).

Following the re-arraignment proceeding, a Presentence Investigation Report ("PSIR") was conducted by the U.S. Probation Office. *See* (R. Doc. 439)(Sealed). The original PSIR was issued on July 22, 2010. It calculated the statutory mandatory minimum sentence for count-one as 120 months. It also casts the Defendant responsible for selling and purchasing at least 150 grams but less than 500 grams of cocaine base, and at least 200 grams but less than 300 grams of cocaine hydrochloride during the conspiracy. The original PSIR computed the U.S. Sentencing Guidelines based upon the 100:1 ratio between cocaine base and powder cocaine offenses. After enactment of the Fair Sentencing Act of 2010 ("FSA"), Probation issued a Second Addendum to the PSIR which recalculated the Defendant's sentencing Guidelines based upon the new 18:1 ratio, which resulted in a Guideline sentence range of 78 to 87 months. It also recognized the statutory mandatory minimum sentence of 120 months remained unchanged by the FSA. No objections to the PSIR were filed by the Defendant or Government.

On December 2, 2010, the Defendant came before the Court for sentencing. *See* (R. Doc. 890). The Court informed the Defendant of his sentencing Guideline range as amended by the FSA, as well as the statutory mandatory minimum sentence. *See* Hr'g Tr. Dec. 2, 2010. Defendant's counsel acknowledged on the record that the Court was bound by the statutory

mandatory minimum sentence.  *See id.*  The Court ultimately sentenced the Defendant to the statutory mandatory minimum sentence of 120 months.  *See id.*

## II.     PRESENT MOTION

### A.     Defendant's Motion

The Defendant has filed three briefs in support of his Motion to Correct an Illegal Sentence.  (R. Docs. 1025, 1038, 1048).  Defendant invokes Federal Rule of Criminal Procedure 35(a) as the procedural basis for the relief sought, noting he filed his Motion within 120 days of sentencing.  Defendant refutes he waived his right to bring a post-conviction proceeding for lack of jurisdiction.  He claims the Court improperly sentenced him based upon the 100:1 pre-FSA Guidelines ratio.  He also claims the Court violated the Equal Protection and Ex Post Facto clauses by the sentence it imposed.  Additionally, Defendant seeks the application of a lower statutory mandatory minimum because, although the conduct to which he plead occurred prior to enactment of the FSA, he was sentenced after the enactment.

### B.     Government's Response

The Government filed a Response in opposition to Defendant's Motion, arguing the Court properly sentenced Defendant to 120 months based upon the statutory mandatory minimum sentence.  (R. Doc. 1037).  The Government claims the Defendant is procedurally barred from bringing the present Motion because he failed to file his Motion within 14 days of sentencing as required by Rule 35, and he waived his right to file the Motion in the Plea Agreement.  Additionally, the Government claims that even if Defendant is able to bring his Motion, the Court properly considered both the 18:1 Guideline range ratio and the statutory mandatory minimum in effect at the time of sentencing, and was obligated to apply the 120

month statutory mandatory minium.  Finally, the Government claims the Defendant's arguments under the ex post facto clause and equal protection are inapplicable to the present matter.

### III.   LAW & ANALYSIS

#### A.   Rule 35

Defendant brings the present Motion pursuant to Federal Rule of Criminal Procedure 35(a).  The current version of this Rule states, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Cr. P. 35(a).  As Defendant acknowledges, he filed the present Motion well-beyond 14 days after his sentencing.  *See* (R. Doc. 1048).  On this basis alone, denial of the Motion is warranted.

Even assuming the Defendant filed his Rule 35(a) Motion timely, the Court did not commit an error in sentencing the Defendant.  The Court, the Plea Agreement, and the PSIR all advised the Defendant of the Guidelines range under the FSA's 18:1 ratio and the statutory mandatory minimum for count one.  The Defendant did not raise any objections to these calculations until now.  Because the 120 month statutory mandatory minimum was higher than the 18:1 Guidelines range, the Court was obligated to sentence the defendant to the statutory mandatory minimum.  *See United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007)(recognizing the prohibition against sentencing a defendant below the statutory mandatory minimum absent a motion by the government recognizing the defendant's substantial assistance or the defendant satisfying the "safety valve" criteria); *United States v. Farias*, 469 F.3d 393, 401 (5th Cir. 2006)("[W]hatever result the Guidelines yield, the sentence cannot be less than the mandatory minimum.").  The FSA does not change the statutory mandatory minimum for the Defendant since he plead to a cocaine-based offense which is unaffected by the FSA, *see* Fair

Sentencing Act of 2010, PL 111-220, August 3, 2010, 124 Stat 2372, and carries a 120 month statutory mandatory minimum independent of the crack-related offense to which Defendant plead.  *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II)(calculating statutory mandatory minimum for offense involving five kilograms or more of cocaine at 120 months).  Based upon his briefing, the Defendant appears to equate the 120 month statutory mandatory minimum with the pre-FSA 100:1 Guidelines ratio; this is inaccurate under both the facts of the case and the applicable law.

### B.      18 U.S.C. § 3582(c)(2)

As a pro se Defendant, the Court is obligated to construe the Defendant's Motion liberally.  *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  Accordingly, out of an abundance of caution, the Court construes Defendant's Motion as one for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  This statute permits a Court to modify a sentence

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

Here, the Court considered the proper sentencing Guidelines range, the 18:1 ratio as imposed by the FSA, in sentencing the Defendant.  The Court was unable to apply this range because, as discussed above, the offense to which the Defendant plead triggered the application of the statutory mandatory minimum of 120 months.  Additionally, the Defendant also plead to a cocaine-related offense which carried a 120 month statutory mandatory minimum sentence unaffected by the FSA.  Thus, no relief pursuant to Section 3582(c)(2) is available to the Defendant.

### C.      **Waiver of Right to Bring Post-Conviction Proceedings**

Defendant argues that he has not waived his right to bring a post-conviction proceeding for lack of jurisdiction.  It is not clear from the briefing what basis the Defendant claims this Court lacked jurisdiction at sentencing, though it appears he suggests the Court lacked jurisdiction to sentence him under the pre-FSA 100:1 ratio.  As noted throughout this Order & Reasons, the Court did not sentence the Defendant based upon the 100:1 ratio, thus this argument is misplaced.

With regard to waiver, the Court notes that the Plea Agreement the Defendant entered into with the Government does prevent the Defendant from appealing his sentence or raising a challenge to his sentence in a collateral proceeding except "if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."  (R. Doc. 440)(Sealed).  Thus, the Defendant's Motion is prohibited by this provision in the Plea Agreement since he does not raise any ineffective assistance of counsel claims.

### D. Ex Post Facto Clause

Defendant also raises the argument that his sentence violates the Ex Post Facto Clause. "Article I, § 10, of the Constitution prohibits the States from passing any 'ex post facto Law.'" *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  It "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Id*.  Here, because the FSA did not increase the sentence Defendant received, but rather would have decreased his sentence had the statutory mandatory minimum not been triggered, this argument is misplaced.

### E. Equal Protection Clause

Defendant also claims his sentence violates the Equal Protection Clause because he was

sentenced under the pre-FSA 100:1 ratio instead of the FSA 18:1 ratio. As noted several times, the Court did not sentence the Defendant under the 100:1 ratio, but rather was obligated to apply the statutory mandatory minimum in sentencing the Defendant. The Court finds no basis under the law for an equal protection violation for sentencing the Defendant under the laws in effect at the time of sentencing.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's (1) Motion Pursuant to Federal Rule Criminal Procedure Rule 35(a) to Correct an Illegal Sentence (R. Doc. 1025), and (2) Motion to Amend and Supplemental Pleading Pursuant to Federal Rule Civil Procedure 15(a) (R. Doc. 1038) are DENIED.

New Orleans, Louisiana this 10th day of August, 2011.

_____
U.S. District Judge

Clerk to serve:
Leroy Dabney, IV
Reg. No. 31040-034
1000 Airbase Road
P.O. Box 2099
Pollock, Louisiana 71467