UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 08-231** |
| **LEROY DABNEY, IV** | * | **SECTION "L"** |

## ORDER & REASONS

Currently before the Court is Defendant's "Motion for Documents at the Government's Expense" (R. Doc. 1149), which seeks designation to proceed *in forma pauperis* on appeal and requests certain record documents at the Government's expense. For the following reasons, IT IS ORDERED that this Motion is DENIED.

## I. BACKGROUND & PRESENT MOTION

On October 22, 2009, Defendant plead guilty to one-count of a four-count indictment for conspiracy to distribute and possession of narcotics on October 22, 2009. Thereafter, on December 2, 2009, Defendant was sentenced to 120 months imprisonment, representing the statutory minimum sentence. (R. Doc. 890).

In the present Motion, Defendant requests the right to proceed *in forma pauperis* on appeal. Defendant also claims that in order to prepare for an anticipated appeal under 28 U.S.C. § 2255, the Court should supply the Defendant with various documents contained in the record. Specifically, Defendant requests a copy of the (1) Defendant's Motion for Consideration for Time Already Served and Spent in House Incarceration, (2) new sentencing modifications and statutes, (3) indictment, (4) grand jury indictment transcripts, (5) oath of testimony and plea

agreement transcripts, (6) transcripts of the sentencing procedure, (7) factual basis, (8) all discoveries and motions, (9) Defendant's record excerpts, and (10) bill of information. Defendant seeks to have the Government pay for the cost of providing these documents.

## II. LAW & ANALYSIS

### A. Right to Proceed in Forma Pauperis

Plaintiff's Motion first requests permission to "proceed in forma pauperis on appeal." Pursuant to Federal Rule of Appellate Procedure 24(a)(3), a defendant

> who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

Here, the Defendant was appointed an attorney free-of-charge when it was determined he was unable to financially retain one for himself. *See* (R. Doc. 211). However, it is not clear from Defendant's Motion the grounds for his appeal; thus, because the Court is unable to determine whether his anticipated appeal is "in good faith" it cannot certify at this time that Defendant is entitled to proceed with his appeal in forma pauperis. *See United States v. Stokes*, 235 F.3d 1341 (5th Cir. 2000)("Furthermore, because there was no action or appeal pending, the district court could not have granted his motion to proceed [in forma pauperis].").

### B. Right to Documents & Transcripts

Defendant indicates that he is planning to both "appeal" the judgment and file a motion pursuant to 28 U.S.C. § 2255, and he claims that he needs certain enumerated record documents, discovery, and transcripts in order to do so. Defendant seeks to impose the costs of obtaining

these documents upon the Government.

If the Defendant is subsequently successful in demonstrating his right to proceed in forma pauperis, he may be entitled to certain documents at the Government's expense, depending the relief he requests. However, he is "not entitled to production of a transcript and copies of all court records regarding his case at government expense in order to search for possible defects." *Stokes*, 235 F.3d at *1; *Colbert v. Beto*, 439 F.2d 1130 (5th Cir. 1971).

An indigent defendant has a constitutional right to a free copy of his sentencing or trial transcript if it is necessary to a decision on the merits of his appeal. *See Griffin v. Illinois*, 351 U.S. 12, 19-20 (19656); *Sweezy v. Ward*, 208 F.3d 227 (10th Cir. 2000); *Tran v. Epstein*, 1995 WL 450972 (E.D.N.Y. July 19, 1995). As noted, Defendant has not filed a notice of appeal; nor has he stated a basis for an appeal.

However, there is no constitutional right to a free transcript in post-conviction proceedings. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317 (1976). Defendant would have to file a separate motion in his § 2255 proceeding demonstrating his claims are "not frivolous and that the transcript is needed to decide the issue presented by the suit." *Id*.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion for Documents at the Government's Expense is hereby DENIED.

New Orleans, Louisiana this 7th day of February 2012.

_____
U.S. District Judge

Clerk to serve:

Leroy Dabney, IV
Reg. No. 31040-034
1000 Airbase Road
P.O. Box 2099
Pollock, Louisiana 71467

Fifth Circuit Court of Appeals